## MATTER OF KONISHI

### In Section 248 Proceedings

### A-14805378

*Decided by Regional Commissioner September 2, 1966*

Application for change of nonimmigrant classification under section 248, Immigration and Nationality Act, as amended, from visitor for pleasure to that of treaty trader under section 101(a)(15)(E)(i) of the Act, as executive assistant to an assistant vice president of a Japanese-owned import-export business, is denied since it has not been established, as required by 22 CFR 41.40, that applicant will be performing duties of a supervisory or executive nature; no documentary evidence as to her educational and employment background has been submitted to substantiate her qualifications to perform such duties; the mere designation of the position as "executive assistant" rather than "secretary" does not establish the employment is to be other than in a "minor capacity," and it cannot be found solely by reason of applicant's knowledge of Japanese that she has "special qualifications" as contemplated by the regulations.

This matter is before the Regional Commisioner on appeal from the denial of the application for change of nonimmigrant status.

The appellant is an unmarried Japanese subject, born August 31, 1937, at Kobe, Hyogo, Japan. She was admitted to the United States at Honolulu, Hawaii, on April 27, 1966, as a temporary visitor for pleasure until July 27, 1966. The instant request for change of nonimmigrant classification to that of a treaty trader was filed by her on June 24, 1966. There has been submitted with the application a letter dated June 20, 1966, from the Comptroller of Kanematsu New York, Inc., a Japanese-owner concern, which states that the applicant will be employed as secretary to the assistant vice president whose duty is to supervise the export and import of the firm's metals department to and from Japan; that it is felt because of her knowledge of Japanese and training in general business, she will be of great assistance.

The application was denied by the District Director on July 28, 1966, on the ground that the nature of the alien's proposed employ-

ment does not satisfy the requirements for treaty trader status. It has been asserted on appeal that Kanematsu New York, Inc., is one of the largest treaty-trader Japanese firms in New York City; that it averages more than $100,000,000 per year in gross business volume; that the concern has many departments among which are those for textiles, machinery, metals, grain, foodstuffs, cameras, seeds, petroleum, woolen piece goods, raw materials and various other merchandise; that each department requires a sizeable staff of executive personnel, including not only a manager but assistants as well to handle the large volume of business; that the term "secretary" is not intended to mean a simple office worker; that the alien's ability to use Japanese is highly essential to the company's operation; that she is a specialist who is needed as executive assistant to the assistant vice president in charge of the metals department.

To be eligible for change of nonimmigrant status to that of a treaty trader, the applicant must meet the requirements of section 101(a)(15)(E)(i) of the Immigration and Nationality Act as well as § 41.40 of Title 22, Code of Federal Regulations. In this connection, the applicable regulations require, in part, that:

... he will be engaged in duties of a supervisory or executive character, or, if he is or will be employed in a minor capacity, he has special qualifications that will make his services essential to the efficient operation of the employer's enterprise and will not be employed solely in a manual capacity.

In the matter at hand, no definitive information has been furnished to show that the duties which the appellant will be called upon to perform actually are of a supervisory or executive nature. Additionally, no documentary evidence has been submitted with regard to her educational and employment background to substantiate that she is qualified to function on such level. The mere designation of the position to be filled as that of an "executive assistant" rather than a "secretary" does not satisfactorily establish that she will be employed other than in a minor capacity. It cannot be found solely by reason of her knowledge of Japanese that she has the "special qualifications" contemplated by the regulations as being necessary to her employer's operations. This appeal, therefore, will be dismissed.

ORDER: It is ordered that the appeal be and same is hereby dismissed.